BORDLEE v. DI CARLO

(July 1, 1931. Opinion and Decree.)

Wm. R. Kinsella, of New Orleans, attorney for plaintiff, appellee.

Milner & Porteous and F. Carter Johnson, Jr., of New Orleans, attorneys for defendant, appellant.

ARTHUR A. MORENO, Judge ad hoc. This is an appeal from a judgment of the First City Court awarding plaintiff the sum of $107.50 for damages to his Chevrolet automobile suffered in collision with a Ford automobile owned and driven by the defendant.

Plaintiff alleges that on November 20, 1929, he was the owner of a Chevrolet coach, which was being driven down Dauphine street by Amilcar Breaux, at a moderate rate of speed, and that when his car reached Frenchmen street, it was struck by the Ford automobile of the defendant, which was being driven out Frenchmen street, from the river to the woods; that as a result of the contact of the two cars, plaintiff's car got out of control and ran upon the sidewalk on Dauphine street and turned over. He alleges that his car was damaged to the extent of $115, and that he was compelled to hire another car for $35 during the period of repairs, and prayed for a judgment for $150.

The defendant answered, denying any negligence on his part, and setting up that the accident was due solely to the reckless and negligent manner in which the automobile of the plaintiff was being driven. He alleged that he approached the intersection of Dauphine street at a speed of about twelve miles an hour and came practically to a stop and looked up Dauphine street, which is a one-way street, and saw the automobile of plaintiff being driven in his direction at a speed of thirty-five miles an hour. He says that he had entered upon the intersection, when the plaintiff's automobile was suddenly swerved across the pathway of his automobile and so near that

his car slightly came in contact with that of the plaintiff, and that the speed of plaintiff's car was such that it was run upon the sidewalk and turned over.

Of course, the contention of the plaintiff and of the defendant both cannot prevail. It is clear, from the facts of the record, that the accident was due to the negligence of the driver of plaintiff's car, or to that of the defendant. Upon a review of all the testimony and the physical facts of the place where the collision occurred, we are of the opinion that the judgment of the trial court is correct and should be affirmed.

Breaux, the driver of plaintiff's car, testifies that he was coming down Dauphine street, which has car tracks in its center, and that when he reached Frenchmen street, he slowed down as there was a car in that street, which, however, had stopped to let him by. As he speeded up across the intersection, the car of the defendant, driven on the right side of Frenchmen street, came into Dauphine street and struck his car near the right front fender and threw it out of control, and caused it to run upon the sidewalk, where it turned over.

Michel Bozant, who was a passenger in the Bordlee car, says that the plaintiff's car had gotten practically across Frenchmen street, when Di Carlo came driving out that street at thirty miles an hour. He, however, is not in a position to testify with any degree of certainty as to the speed because he saw the Di Carlo car almost at the moment of the impact. His testimony regarding the speed is doubtless the result more of after impression than a definite judgment based upon his view of the car in sufficient time to enable him to form a fair conclusion. Another witness for the plaintiff testifies that he was stand-

ing in the middle of the block on Dauphine street, between Elysian Fields and Frenchmen streets, and that he saw the Di Carlo car going out Frenchmen street at a high rate of speed. His evidence, however, does not impress us, because of the fact that he was at such a distance from the accident and in such a position that he could not have seen very much of the Di Carlo car until it had come clearly into Dauphine street, even if his attention had been attracted to it prior to the accident.

However, it is hardly required to balance very evenly the testimony of plaintiff's witnesses and that of the defendant, because the defendant himself clearly convicts himself of the negligence that caused the accident. He says he was driving his car in Frenchmen street, at a speed of fifteen or eighteen miles an hour, and slowed down when near Dauphine street to a speed of ten or twelve miles an hour. He says he knows it is a dangerous intersection as cars frequently come down Dauphine street. When he looked up Dauphine street, he says he saw the plaintiff's car coming down at about thirty or thirty-five miles an hour. He continued to cross Dauphine street until his automobile had reached the second rail of the street car track, when plaintiff's car sought to drive in front of him and came in contact with his car.

It is clear that, if his testimony is to be accepted upon its face, he was guilty of negligence when he was in such a situation that he could have stopped his car but instead drove it across the pathway of plaintiff's car which he saw coming at what was an excessive rate of speed. It is manifest from his testimony that having seen the other car, he dismissed it wholly from his mind and remitted to its driver all of the measures of care necessary to avoid an accident. Had he, under the situation which confronted him, exercised reasonable care, he would have stopped his car and permitted plaintiff's car to go by and the accident would thereby have been avoided. It was his negligence in attempting to cross in the face of a car coming at thirty-five miles an hour, and only a short distance away, that was the proximate cause of the accident, and he alone must bear its consequences.

We are not particularly impressed with the testimony of the defendant. The plaintiff and another witness testify that he admitted that the cause of the accident was his negligence, and when called upon for a denial of this admission, he denied it not directly and forcefully, but weakly and evasively. Witnesses accused of making hurtful admissions ordinarily express their denial in terms of resentment, and not in a half apologetic way, and when a denial is couched in terms which lack force, it is reasonable to suppose that the denial is the result of an attempt to avoid the consequences of the admission, rather than the expression of truthfulness.

The defendant urged as one of his defenses that plaintiff's car was being operated in the jitney business in violation of a city ordinance, and consequently he should not be entitled to recover. The evidence shows that the car was so used, but it is elemental that the violation of a traffic ordinance that has no relationship to the cause of the accident, affords no grounds to deny the plaintiff his right to recover for damages to his property. If it were otherwise, punishment for violation of public laws would reside not in government but in the individual who might will to inflict punishment by the destruction of property, which punishment might be whol-

ly disproportionate to the offense. Such a defense is, of course, unthinkable.

The plaintiff made out the extent of his damages to the car, but the judge of the lower court was convinced that he failed to sustain his claim to the $35 which he alleged he paid for the rental of an automobile.

We are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed.

WESTERFIELD, J., and DUNBAR, JR., J. ad hoc, participating.